Johnson, C. J. The indictment in this case was preferred subsequent to the passage of the act of 1845, and consequently, after the repeal of that of 1843. The first named act, after repealing the third section of the last, declares that it shall not be lawful for any person or persons to set up and keep a billiard table, or ten-pin alley, without first paying into the State treasury twenty-five dollars, and twenty-five dollars into the county treasury, in which said table or alley may be set up; and further, that if any person or persons, setting up or keeping a billiard table, or ten-pin alley, refuse to pay the license, they shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined in any sum not less than fifty, nor more than one hundred dollars. It is obvious, at the first blush, that the mere fact of setting up and keeping a billiard table, is not of itself an offence under this statute; but it is also of the essence of the crime, that the party charged has refused to pay the several sums specified in the' act. If this construction be correct, and that it is we do not entertain a doubt, it is then perfectly manifest that the indictment exhibits no offence known to tire law. That the defendants had refused to pay the several sums specified as a tax for the privilege of setting up and keeping the table, was absolutely essential to consummate the offence, and consequently should have been alleged in the indictment. It is contended by the appellants that the act of 1845, upon which it is supposed this indictment was framed, is unconstitutional and void. Upon that point we do not deem it necessary or even proper to express an opinion, as there is an entire failure to show any offence whatever. Under this view of the act, it is clear that the indictment is a mere nullity, and that no valid judgment could be pronounced upon it. The judgment of the Circuit Court must, therefore, be reversed.